IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DENISE SYRON,                                    Civ. No. 6:25-cv-01536-AA

　　　　　　　　Plaintiff,                        **OPINION & ORDER**

　　　　v.

CBT NUGGETS, LLC; MATTHEW
BROMLEY; SHELLY GALVIN,

　　　　　　　　Defendants.

_____

AIKEN, District Judge.

　　　This case comes before the Court on Plaintiff's Motion to Remand.  ECF No. 7.
This case was originally filed in Multnomah County Circuit Court.  Defendants
removed the case to federal court in the Eugene Division.

　　　Generally, "any civil action brought in a State court of which the district courts
of the United States have original jurisdiction, may be removed by the defendant or
the defendants, to the district court of the United States for the district and division
embracing the place where such action is pending."  28 U.S.C. § 1441(a).  28 U.S.C. §
1446(a) similarly provides that a defendant desiring to remove a case to federal court
"shall file in the district court of the United States for the district and division within
which such action is pending a notice of removal[.]"  A motion to remand is the proper

procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris U.S.A.*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citation omitted).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Plaintiff timely moves to remand on the basis that the case was originally filed in Multnomah County Circuit Court, which is in the Portland Division of the District of Oregon, LR 3-2(a)(1), but Defendants have removed the case to the Eugene Division. Defendants assert that removal is proper because the events giving rise to the claims occurred in Eugene, Oregon and because there is a forum selection clause in the underlying case stating that disputes are to be resolved in Lane County, Oregon.

Defendants assert that they have complied with Local Rule 3-2(b), which provides that, in the caption of a notice of removal, the filing party must identify the division where "divisional venue" lies, meaning "the division of the Court in which a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of the property that is the subject of the action is situated." LR 3-2(b). As noted, Defendants assert that "divisional venue" is proper in the Eugene Division.

Defendants acknowledge that the District of Oregon CM/ECF User Manual clarifies that when filing a complaint or petition, the divisional venue is the division in which a substantial part of the events or omissions giving rise to the claim occurred, but that when filing a notice of removal "the divisional venue is the county where the originating complaint was filed," and that, following the guidance of the CM/ECF User Manual, the case should have been removed to the Portland Division.

The Court acknowledges that the Local Rule, when read without the additional clarification of the CM/ECF User Manual, is confusing with respect to the divisional venue for notices of removal in a case where the underlying events or omissions did not occur in the same location as the state court from which removal is made. However, § 1441(a) and § 1446(a) more clearly provide that removal must be made to the district and division embracing the place where such action is pending. Here, that would be the Portland Division of the District of Oregon. The Court cannot prioritize the Local Rules over statutory directives.

Defendants urge the Court to transfer the case to the Portland Division, rather than remanding, citing to *Ungier v. GE Security, Inc.*, No. CV 04-1466, 2005 WL 14898, at *3 (D. Or. Jan. 3, 2005), in which the Court transferred a case removed to the incorrect division. However, in *Ungier*, the court relied on then-current Local Rule 3.4(a) to transfer the case, but that Rule was removed from the Local Rules for

the District of Oregon in 2012 and so cannot provide authority for this Court to transfer the case to another division.

To the extent that the Local Rules introduced an element of ambiguity, that ambiguity must be resolved in favor of remand. The Court declines Plaintiff's request for fees pursuant to 28 U.S.C. § 1447(c). *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

Plaintiff's Motion to Remand, ECF No. 7 is GRANTED. This case is REMANDED to the Circuit Court for the State of Oregon for Multnomah County and the Clerk of Court is directed to CLOSE this federal case.

It is so ORDERED and DATED this _____3rd_____ day of February 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge